NOT RECOMMENDED FOR PUBLICATION
File Name: 04a0074n.06
Filed: November 8, 2004

No. 03-1420

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| RICHARD M. FOLEY, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

**Before: CLAY and GILMAN, Circuit Judges; and O'MALLEY, District Judge.**[*]

**RONALD LEE GILMAN, Circuit Judge.** Richard M. Foley, an individual doing business as Environmental First, filed for bankruptcy in 1997 under Chapter 7 of the United States Bankruptcy Code. He subsequently received a discharge of his liabilities, including a total of $334,251 in unsecured debt, from the bankruptcy court. Following an FBI investigation, Foley was indicted on ten counts of bankruptcy fraud on June 13, 2002. Count One charged Foley with making $19,000 in transfers to his girlfriend shortly before he filed for bankruptcy, in violation of 18 U.S.C. § 152(7). Foley was charged in Counts Two and Three with fraudulent concealment, in violation of 18 U.S.C. § 152(1), based on his failure to disclose the receipt of a $5,000 payment by check and a $7,500 account receivable. Counts Four, Five, Seven, and Ten concerned Foley's false

_____

[*]The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

declarations regarding transfers he executed and income he concealed, including his omission of $350,000 that had been deposited in his account, in violation of 18 U.S.C. § 152(3). Finally, Foley was charged with making false oaths in Counts Six, Eight, and Nine, a violation of 18 U.S.C. § 152(2), based on his false testimony about his assets at a meeting of his creditors. A jury convicted Foley on all but Count Nine.

Foley filed a motion for a new trial based upon two grounds. First, Foley contended that the district court erred in excluding the testimony of his expert witness, Dr. Michael Abramsky, who planned to opine that Foley's alleged dyslexia hampered his ability to comprehend his bankruptcy schedules. In a thoroughly reasoned order denying Foley's motion, the district court pointed out that Foley had violated the plain language of Rules 12.2(b) and 16(b)(1)(C) of the Federal Rules of Criminal Procedure by not filing, in a timely manner, either his notice of intent to call an expert or his expert-witness summary. In addition, the court expressed doubts as to whether the untimely expert-witness summary would satisfy the requirements of Rule 16. Reviewing the pretrial proceedings as fully recounted in the district court's order, we agree that the court did not abuse its discretion in excluding the testimony of Dr. Abramsky.

Foley's second basis for a new trial was that the government committed prosecutorial misconduct during the examination of the FBI agent who investigated Foley and in making its closing and rebuttal arguments. The district court's order sets forth the proper standard to evaluate the claim of prosecutorial misconduct and correctly concludes that neither the FBI agent's testimony nor the prosecutor's comments were improper. It therefore held that a new trial was unwarranted. We agree for the reasons set forth in the district court's order.

Foley also filed a motion for a judgment of acquittal on Counts 2-7 in the court below. In its order denying the motion, the district court articulated the governing rule, which is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). The court went through each contested count and determined that there was sufficient, if not overwhelming, evidence of Foley's guilt. We conclude that the district court's analysis is not only correct, but amply borne out by the record.

Having reviewed the record, the applicable law, the parties' briefs, and counsels' arguments, we are convinced that the district court did not err in denying both of Foley's motions. Because the issuance of a full opinion by this court would be unduly duplicative and would serve no useful purpose, we **AFFIRM** the judgment of the district court on the basis of the orders below.